IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01512-GPG

JAMES R. DAWSON, JR.,

    Petitioner,

v.

COLORADO,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, James R. Dawson, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Dawson initiated this action on July 16, 2015 by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) purportedly challenging the execution of his sentence.  He has paid the $5.00 filing fee.

    On July 24, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Application and ordered Mr. Dawson to show cause why the Application should not be denied and the instant action dismissed.  Magistrate Judge Gallagher initially noted that the proper Respondent is Mr. Dawson's custodian at the Fremont Correctional Facility where he currently is incarcerated.  Magistrate Judge Gallagher also explained that Mr. Dawson failed to provide a clear statement of a cognizable habeas corpus claim for relief challenging the execution of his sentence and demonstrating that his federal constitutional rights have been violated.  Magistrate Judge Gallagher advised Mr.

Dawson that the pleading rules applicable to a habeas corpus action are more demanding than the rules applicable to ordinary civil actions, *see Mayle v. Felix*, 545 U.S. 644, 655 (2005), and that naked allegations of constitutional violations are not cognizable in a habeas corpus action, *see Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Finally, Magistrate Judge Gallagher noted that Mr. Dawson had filed a similar clam pursuant to 42 U.S.C. § 1983 in *Dawson v. Suthers,* Civil Action No. 14-cv-01919-MSK-NYW (D. Colo. July 9, 2014), and advised Mr. Dawson that repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious, *see Baily v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan,* 518 P.2d 366, 368 (8th Cir. 1975) (per curiam). Accordingly, Magistrate Judge Gallagher ordered Mr. Dawson to show cause why the habeas corpus application should not be denied and the instant action dismissed for failure to assert a cognizable habeas corpus claim and as repetitive of *Dawson v. Suthers,* Civil Action No. 14-cv-01919-MSK-NYW (D. Colo. July 9, 2014). Mr. Dawson filed "Habeas Applicant's Show Cause Answer" (ECF No. 4) and "Supplemental Answer to Show Cause Order" (ECF No. 5) (collectively "the Response"). In the Response, Mr. Dawson argues that he is challenging the execution of his sentence and attempts to clarify his habeas corpus claim.

The Court must construe the documents filed by Mr. Dawson liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

First, the Court finds that Mr. Dawson continues to fail to provide a clear statement of any cognizable habeas corpus claim challenging the execution of his sentence pursuant to 28 U.S.C. § 2241. *See Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . "). In the Response, Mr. Dawson contends that the Colorado state court's judgment denying him a judicial remedy hearing pursuant to Colo. Rev. Stat. § 18-1-414(2)(b) "violates the Ex Post Facto Clauses of the United States and Colorado Constitution." (ECF No. 4 at 1). To support this claim, Mr. Dawson alleges that the state court judicial decision

> (1) alters the Rule of Evidence in his case without notice because the then prevailing laws did not require the Applicant to assert an actual innocence defense in order to have his biological evidence collected and tested for an affirmative defense for intoxication or mental impairment;
>
> (2) alters the definition of the Applicant's criminal conduct under a crime of violence without notice because the then prevailing laws did not require the Applicant to pursue an actual innocence defense (DNA testing) over the affirmative defense of intoxication or mental impairment to have his biological evidence collected and tested to reduce his criminal culpability to the charges lodged against him;
>
> (3) imposes a new duty upon the Applicant under a crime of violence of having to have had his biological evidence taken to support an actual innocence defense as opposed to a legal innocence defense of mental impairment or intoxication;
>
> (4) increases the Applicant's punishment under a crime of violence for transaction and considerations already past;
>
> (5) denies the Applicant's vested rights to due process of law; and
>
> (6) the new court decision was unforeseeable, unexpected, and indefensible because the decision refers to the law which had been expressed prior to the conduct at issue.

(*Id.* at 2-3).

Mr. Dawson also argues that the "denial of the Applicant's eligibility for a judicial remedy hearing for a sentence reduction or speedier release renders the Applicant's custody illegal." (ECF No. 5 at 1). Although, Mr. Dawson alleges a violation of his due process and equal protection rights, he does not allege facts that might support an arguable ex post facto violation. Specifically, the Court finds that Mr. Dawson is not entitled to habeas corpus relief for his ex post facto claim because he cannot demonstrate that the state court's judicial decision altered the definition of criminal conduct or changed the punishment for any offense. *See Selsor v. Workman,* 644 F.3d 984, 997 (10th Cir. 2011) (recognizing that the change in law by a judicial decision did not violate the Due Process Clause or ex post facto principles because it did not change the crime for which Petitioner was charged and did not increase the punishment prescribed therefor); *see also Dobbert v. Florida,* 432 U.S. 282, 293-94 (1977) (concluding that post-crime procedural changes in death penalty sentencing—including one allowing the judge to overrule a jury's recommendation of life imprisonment—were not ex post facto violations because they "merely altered the methods employed in determining whether the death penalty was to be imposed; there was no change in the quantum of punishment attached to the crime."); *California Dep't of Corr. v. Morales,* 514 U.S. 499, 507 n.3 (1995) ("[T]he focus of the *ex post facto* inquiry is not on whether a legislative change produces some ambiguous sort of disadvantage, nor ..., on whether an amendment affects a prisoner's opportunity to take advantage of provisions for early release, but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable." (quotations and citations omitted)).

In this case, the state court judicial decision Mr. Dawson challenges does not alter the definition of criminal conduct nor does it increase the penalty by which a crime was punishable.  Specifically, the Colorado Court of Appeals (" the CCA") held that the trial court did not err in denying Mr. Dawson's postconviction motions and concluding that Colo. Rev. Stat. § 18-1-414 applies only to DNA testing and not to Mr. Dawson's lost blood and urine samples that were to be tested for alcohol and drugs to support an intoxication or mental impairment defense.  *See Dawson v. Suthers,* Civil Action No. 14-cv-01919-MSK-NYW (D. Colo. July 9, 2014) (ECF No. 12, *People v. Dawson,* No. 10CA1073 (Colo. Ct. Oct. 13, 2011) (unpublished decision)).  The CCA further noted that "sections 18-1-411 through -416, C.R.S. 2011, set forth procedures for postconviction testing of DNA evidence," and that there was "no indication in any of these statutes that the procedures set forth were intended for any purpose other than the preservation and testing of DNA evidence."  (*Id.* at 5).  The CCA concluded that "Defendant's assertion that section 18-1-414(2)(b) should be read to provide a separate hearing regarding lost biological evidence that was to be used for any purpose whatsoever is contrary to the plain language of the provisions as a whole."  (*Id.*).  The CCA also concluded that the state district court correctly determined that Mr. Dawson's motion failed to demonstrate that favorable results of DNA testing would demonstrate his actual innocence as required by the statute.  (*Id.* at 6).

The CCA's opinion interpreting the procedural language in the statute authorizing a trial court to grant a hearing to determine whether a remedy is warranted where law enforcement destroys or loses biological evidence for DNA testing does not "affect[ ] the

legal consequences of [Mr. Dawson's] crime or increase[ ] his punishment." *See Chambers v. Colo. Dep't of Corr.,* 205 F.3d 1237, 1242 (10th Cir. 2000)*; see also Sallahdin v. Gibson,* 275 F.3d 1211, 1228 (10th Cir. 2002) (finding no due process or ex post facto violation because challenged judicial decision had nothing "to do with the definition of crimes, defenses, or punishments").  Moreover, Mr. Dawson's conclusory assertions in the Response that the CCA's decision somehow "alters the Rule of Evidence," "alters the definition of [his] criminal conduct," "imposes a new duty," and "increases [his] punishment" are insufficient.  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations." *Hall*, 935 F.2d at 1110.  Finally, Mr. Dawson's assertion that the denial of a judicial remedy hearing renders his custody illegal because he could have received a sentence reduction or speedier release is likewise without merit.  Section 18-1-414(b) provides that "[i]f the court determines that a remedy is appropriate, the court may order whatever remedy the court finds is just, equitable, and appropriate."  Colo. Rev. Stat. § 18-1-414(b).  Despite his conclusory assertions of an ex post facto violation affecting the execution of his sentence, Mr. Dawson has failed to allege a cognizable habeas corpus claim for relief because the CCA decision had nothing to do with the definition of crimes, defenses, or punishments and thus, "does not fall within the scope of what could even remotely be described as *ex post facto* judicial decisionmaking."  *See Sallahdin,* 275 F.3d at 1228.

Therefore, the instant action will be dismissed because Mr. Dawson fails to assert clearly any violations of his federal constitutional rights that entitle him to habeas

corpus relief pursuant to 28 U.S.C. § 2241.  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed for the reasons specified in this order.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  7th  day of     August    , 2015.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court